**Lloyd George St. Clair CRUMP, Alien Number A91–249–563, Plaintiff–Appellee,**

v.

**Janet RENO, U.S. Attorney General; Edward McElroy, District Director, Immigration and Naturalization Service; Doris Meissner, Commissioner, Immigration and Naturalization Service, John B.Z. Caplinger, New Orleans District Director, Immigration and Naturalization Service; Immigration and Naturalization Service, Defendants–Appellants.**

No. 99–2682.

United States Court of Appeals, Second Circuit.

May 5, 2005.

Scott Dunn, Assistant United States Attorney, Brooklyn, New York (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson, Steven Kim, Assistant United States Attorneys, Dione M. Enea, Special Assistant United States Attorney, Brooklyn, New York, on the brief), for Appellants.

Jack Sachs, New York, New York, for Appellee.

Present: KEARSE, JACOBS, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REVERSED.**

The government appeals a September 22, 1999 judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*), granting Lloyd George St. Clair Crump's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

In 1992, Crump was convicted *after a jury trial* of drug offenses that render him ineligible for waiver of deportation pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, § 440(d), 110 Stat. 1214 (Apr. 24, 1996). Crump complains that AEDPA's limitation on § 212(c) relief was unlawfully applied retroactively to that conviction. Crump's argument is foreclosed by this Court's binding precedent. *See Rankine v. Reno,* 319 F.3d 93, 100 (2d Cir.2003); *Thom v. Ashcroft,* 369 F.3d 158, 163 (2d Cir.2004). Crump so concedes, but asks us to reconsider that precedent. We decline to do so.

Crump's contention that he is entitled to relief under *Restrepo v. McElroy,* 369 F.3d 627, 634 (2d Cir.2004), was not timely raised and has thus been waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). In any event, since Crump nowhere argues that he relied (actually or by a presumption) on the availability of § 212(c) relief prior to AEDPA's enactment, the retroactive application of AED-

PA to his 1992 conviction is consistent with *Restrepo.*

For the reasons set forth above, the judgment of the district court is hereby **REVERSED,** and the case is remanded to the district court to enter a judgment denying the writ.